MAX SCHREINER, ADMINISTRATOR, v. OLIVER GRIN-NELL, Jr.

Submitted March 16, 1916—Decided June 6, 1916.

1. Under chapter 156 of the laws of 1915, now no longer a part of the statute (*Pamph. L.* 1916, *p.* 49), a pedestrian crossing a street at a place other than a cross-walk is barred from maintaining an action against an owner of a vehicle not himself driving, for damages caused by a collision, but is not barred as against a driver of the vehicle whether owner thereof or servant of the owner.
2. A case certified should state a concrete case.

On case certified from Hudson Circuit.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and BERGEN.

For the plaintiff, *Marshall Van Winkle.*

For the defendant, *Isidor Kalisch.*

The opinion of the court was delivered by

SWAYZE, J.   The plaintiff's intestate was killed by reason of contact with the automobile of defendant.   She was at the time crossing the street at a place other than a cross-walk. The date is not given but we must infer from the questions certified that it was after July 4th, 1915, when chapter 156 of the laws of that year took effect.   It does not appear whether the owner or a servant was driving the automobile. The first question certified is: "Is negligence to be conclusively presumed against one who crosses a street at any place other than a cross-walk?"   To this we answer no.   The statute says nothing about negligence.

The second question is: "Is one so crossing a street barred, because of so crossing, from maintaining an action for damages?"   This question cannot be answered by a simple negative or affirmative.   The provision of the statute is: "Any person crossing a street at any place other than the cross-walk shall do so at his own risk.   Nothing in this regulation, however, shall relieve the drivers of vehicles from being constantly vigilant, exercising all reasonable care to avoid injuring either persons or property."   *Pamph. L.* 1915, *p.* 297, § 12. If the first sentence stood alone we would necessarily answer in the affirmative to the second question certified.   It is a legislative declaration that the pedestrian assumes the risk. The subsequent language points to a distinction to be made as to the liability of *drivers* of vehicles.   Effect can be given to both provisions by holding, (1) that as against *owners* of vehicles not themselves driving, the pedestrian who crosses a street at a place other than a cross-walk is barred from

maintaining an action for damages caused by collision; (2) that as against drivers, whether they are owners of the vehicle or servants of the owner, the pedestrian is not barred of his action. It is quite clear that the statute did not mean to exempt drivers of vehicles from exercising all reasonable care or to relieve them from their legal liability prior to the statute. It may be well to add that the provision now in question no longer forms part of the statute. *Pamph. L.* 1916, *p.* 49.

The third question is: "What is the legal effect of the words 'at his own risk' as applied to one so crossing a street?" We cannot answer this otherwise than as already indicated. We must not be understood to approve a form of question which asks for an abstract lecture on the meaning of words. A case certified should state a concrete case.

The same objection applies with even greater force to the fourth question: "What is the cross-walk of a street?" The question is irrelevant to the concrete case before us since the accident happened at a place other than a cross-walk.

The fifth question is: "What is the cross-walk of a street where asphalted or macadamized surface streets intersect and no actual cross-walk is found and no cross-walk is in any way marked off?" This question is also irrelevant to the facts of the present case.